### EAGLE STAR INSURANCE COMPANY, Plaintiff,

v.

### HIGHLANDS INSURANCE COMPANY, Defendant/Third–Party Plaintiff/Appellee,

v.

### Ace Property and Casualty Insurance Company, Third–Party Defendant/Appellant.

No. 04–55518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Jan. 27, 2006.

Stephen C. Klein, Esq., Barger & Wolen LLP, Los Angeles, CA, for Plaintiff.

Shawn Kelly, Esq., Brian P. O'Donnell, Esq., Riker, Danzig, Scherer, Hyland & Perretti Headquarter Plaza, Morristown, NJ, for Defendant-Third-Party-Plaintiff-Appellee.

Edward D. Chapin, Esq., Linda J. Sinclair, Esq., Gordon & Rees, LLP, San Diego, CA, Daryn E. Rush, Esq., Funk &

Bolton, PA, Philadelphia, PA, for Third-Party-Defendant-Appellant.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL, District Judge.*

## MEMORANDUM **

ACE Property and Casualty Insurance Company ("ACE") appeals the district court's denial of ACE's motion to dismiss or stay the third-party complaint of Highlands Insurance Company ("Highlands") in favor of arbitration.

Preliminarily, we conclude that Highlands and ACE both are parties to the Quota Share Agreement, signed in 1970 by representatives of Cravens Dargan & Company, Pacific Coast, formerly Cravens Dargan & Company (collectively "Cravens") and Aetna Insurance Company, predecessor to ACE.[1]

The Quota Share Agreement established the terms by which ACE would provide reinsurance to the insurance pools managed by Cravens. It contains a broad arbitration clause, covering "any dispute or difference of opinion [that] shall arise with reference to the interpretation of this Agreement or the rights with respect to any transaction involved." When there is a broad arbitration clause such as this one,

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court did not reach this question. ACE contends that because the district court concluded that the dispute was not within the scope of the arbitration clause, that court necessarily must have concluded that Highlands is a party to the agreement. This infers too much from the district court's order.

531

the test is whether the factual allegations "'touch matters' covered by the contract containing the arbitration clause." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir.1999). The existence of an arbitration agreement establishes a federal presumption in favor of arbitration, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Although Highlands's third-party complaint refers only to Addendum No. 5 to the 1964 Management Agreement, the underlying dispute clearly "touches matters" covered by the Quota Share Agreement. The Quota Share Agreement is the contract that governs ACE's reinsurance liabilities to the entire insurance pool. That agreement must be interpreted in order to resolve Highlands's claim for indemnification by ACE. Accordingly, dismissal or stay of Highlands's third-party complaint in favor of arbitration is required.

Highlands argues alternatively that it is entitled to a jury trial to determine whether a valid arbitration agreement exists. However, as discussed above, the question of whether Highlands is a party to the Quota Share Agreement may be resolved as a matter of law based upon Cravens's actual agency and the express terms of the Quota Share Agreement itself.

**REVERSED and REMANDED.**